*Mr. Charles Poe, Mr. Samuel A. Putman,* and *Mr. Charles A. Maxwell* for the appellee.

---

# RE ROWE.

---

**PATENTS; PATENTABILITY; PROCESS CLAIMS; PRIOR APPARATUS PATENT.**

Where the claims of an applicant for a process and a prior patent to him for an apparatus disclose but one invention, but one patent can issue, and the invention covered by such prior patent for an apparatus is not made different so as to be patentable as a process, by merely designating it such in claims which do not disclose another invention, but merely state in different words the invention covered by the prior patent. (Citing *Re Creveling,* 25 App. D. C. 530–535.)

No. 831. Patent Appeals. Submitted January 13, 1913. Decided May
13, 1913.

HEARING on an appeal from a decision of the Commissioner
of Patents denying an application for a patent.    *Affirmed.*

The facts are stated in the opinion.

*Mr. Otto R. Barnett* and *Mr. Percival H. Truman* for appellant.

*Mr. William R. Ballard* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

This is an appeal by George H. Rowe from a decision of
the Commissioner of Patents denying an application for a
patent for a method of producing a succession of striking im-
pulses, having eleven claims; the following three of which suffi-
ciently disclose the subject-matter of the invention:

1. The method of producing a succession of striking im-
pulses which consists in providing an impact element and a
driving element therefor, imparting movement to the latter
element, and causing magnetic attraction to exist between said
elements which yieldingly or impositively connects the impact
element to the driving element.

6. The method of producing a succession of striking im-
pulses which consists in providing an impact element and a
driving element therefor, imparting movement to the latter
element, causing magnetic attraction to exist between said
elements which yieldingly or impositively connects the impact
element to the driving element, and varying the strength of
said magnetic attraction so as to vary the force of the blows
delivered.

11. The method of producing a succession of striking im-
pulses which consists in providing an impact element and a

driving element therefor, causing the latter element to be recip-
rocated, causing a magnetic attraction to exist between said
elements which yieldingly or impositively connects the impact
element to the driving element, arresting the movement of said
elements while the other continues to move, and maintaining
said magnetic attraction between said elements after the move-
ment of said arrested elements has ceased.

Assuming that these are proper method claims, they were
denied because they are merely a statement in different words
of the invention covered by a prior patent issued to applicant
July 28, 1908. In his decision the Commissioner said: "The
claims in the patent are in the form of apparatus claims while
all of the appealed claims purport to cover a process. Applicant
seems to take the position that this is sufficient to show that
the appealed claims cover an invention different from that
covered in his earlier patent, and cites several cases in which
the courts have recognized process and apparatus as distinct
inventions. There can be no doubt that a process and an
apparatus for carrying it out may be, and very frequently are,
separate inventions, and they may be more or less closely re-
lated depending upon circumstances. But it is also true
that in many instances where a single invention of a broad
nature has been made, there is an attempt to cover the invention
by both process and apparatus claims."

We concur in this statement. An invention is not made dif-
ferent by the mere fact that one is disclosed in a claim for
an apparatus and the other one in form of a method or process.
Where the one invention is disclosed, but one patent can issue.
*Re Creveling*, 25 App. D. C. 530–535.

Agreeing, as we do, in the conclusions of the Office tribunals
that there is but one invention disclosed in the patent and the
application, we regard it as unnecessary to discuss the ques-
tion further. The decision is affirmed; and this decision will
be certified to the Commissioner of Patents.        *Affirmed.*

Mr. Justice VAN ORSDEL did not sit with the court in the
hearing and determination of this appeal.